*1541 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 9, 2012. The order, inter alia, denied that part of the motion of defendant seeking to preclude plaintiff from offering certain medical evidence at trial.
It is hereby ordered that the order so appealed from is modified on the law by denying that part of defendant’s motion concerning “speaking authorizations” from plaintiffs educators and by granting plaintiffs cross motion to that extent and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order that, inter alia, denied that part of his motion seeking to preclude plaintiff from offering certain medical evidence at trial based on plaintiffs failure to disclose medical reports of his examining physician prior to the examination of plaintiff by defendant’s examining physician. Contrary to defendant’s contention, Supreme Court properly denied that part of his motion. “ ‘Absent an abuse of discretion, we will not disturb the court’s control of the discovery process’ ” (Marable v Hughes, 38 AD3d 1344, 1345 [2007]; see Hann v Black, 96 AD3d 1503, 1504 [2012]; MS Partnership v Wal-Mart Stores, 273 AD2d 858, 858 [2000]).
Turning to plaintiff’s cross appeal, we note that plaintiff contends that the court abused its discretion in conditionally granting that part of defendant’s motion to preclude plaintiff from presenting evidence at trial concerning his mental or physical condition unless plaintiff provided defendant with speaking authorizations for plaintiffs medical providers and educators. Plaintiff further contends that the court erred in denying his cross motion for a protective order with respect to the speaking authorizations and for costs incurred because of the allegedly improper cancellation by defendant’s attorney of scheduled depositions of plaintiff and his mother. We reject plaintiffs contention with respect to speaking authorizations for his medical providers. In Arons v Jutkowitz (9 NY3d 393, 409-411 [2007]), the Court of Appeals provided the framework for conducting discovery with regard to nonparty healthcare providers, which includes the use of speaking authorizations. Arons, however, does not authorize defendant to obtain speaking authorizations for plaintiffs educators. We decline to extend Arons to require production of speaking authorizations to anyone other than nonparty healthcare providers. The Arons decision is narrow in scope and provides a framework as to how parties must procedurally comply with the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) *1542 when attempting to speak with an adverse party’s treating physician. Defendant made no showing that the discovery devices available under the CPLR and the Uniform Rules for the New York State Trial Courts were inadequate to obtain the necessary discovery. Thus, we agree with plaintiff that the court abused its discretion in granting that part of defendant’s motion with respect to speaking authorizations for plaintiff’s educators and in denying defendant’s cross motion to that extent. We therefore modify the order accordingly.
Finally, contrary to plaintiffs contention, the court did not abuse its discretion in denying his cross motion to the extent that it sought reimbursement for the costs related to the rescheduled depositions of plaintiff and his mother (see Hilley v Sanabria, 12 AD3d 1188, 1189 [2004]).
All concur except Peradotto and Martoche, JJ., who dissent in part and vote to affirm in the following memorandum.